UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------------------------------x
:
In re:                                                   :    Chapter 7
    Extended Stay Inc., *et al.*,                     :
                                                      :    Case No. 09-13764-JLG
                         Reorganized Debtors.    :    (Jointly Administered)
:
------------------------------------------------------------x
Finbarr O'Connor, as Trustee for and on behalf of the    :
Extended Stay Litigation Trust, and The Extended Stay    :
Litigation Trust,                                        :
:
                         Plaintiffs,    :
:    Adv. Pro. No. 11-02254-JLG
   -v-                                                    :
:
DL-DW Holdings, L.L.C., *et al.*,                        :
:
                         Defendants.    :
------------------------------------------------------------x

**MEMORANDUM DECISION GRANTING PLAINTIFFS' MOTION FOR
SANCTIONS AGAINST DEFENDANT POLAR EXTENDED STAY (USA) L.P.**

**A P P E A R A N C E S :**

VENABLE, LLP
*Counsel for Plaintiffs*
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
By:   Gregory A. Cross, Esq.
       Mitchell Y. Mirviss, Esq.
       Evan T. Shea, Esq.

Rockefeller Center
1270 Avenue of the Americas
New York, New York 10020
By:   Matthew T. McLaughlin, Esq.
       Michael A. Guerra, Esq.
       Gary R. Dunn, Esq.

PETER M. LEVINE, ESQ.
*Counsel for Polar Extended (USA) L.P.*
444 Madison Avenue, Suite 410
New York, New York 10022
<u>By:</u>    Peter M. Levine, Esq.

**<u>HON. JAMES L. GARRITY, JR.</u>**
**<u>U.S. BANKRUPTCY JUDGE</u>**

**Introduction**[1]

Finbarr O'Connor, as Successor Trustee (the "Trustee") for the Extended Stay Litigation Trust ("the Trust", with the Trustee, the "Plaintiffs") are plaintiffs in this adversary proceeding. The matter before the Court is the Plaintiffs' *Notice of Motion for Sanctions Against Defendant Polar Extended Stay (USA) L.P.* (the "Motion"), ECF No. 457,[2] for an order awarding the Plaintiffs discovery sanctions against Polar Extended Stay (USA) L.P. ("Polar Extended") in the form of a default judgment against Polar Extended pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and a monetary award equal to the Plaintiffs' expenses, including attorney's fees pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), for failing to comply with the Court's October 2020 Discovery Order and April 2022 Discovery Order.[3]

In support of the Motion, Plaintiffs have submitted the *Plaintiffs' Memorandum of Law in Support of Their Motion for Sanctions Against Defendant Polar Extended Stay (USA) L.P.* (the "Plaintiffs' Memorandum of Law" or the "Pls.' Mem."), ECF No. 459, and the *Declaration of Gregory A. Cross in Support of Plaintiffs' Motion for Sanctions Against Defendant Polar*

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion and the Plaintiffs' Memorandum of Law.

[2]    References to "ECF No. __" herein are to documents filed on the electronic docket in this adversary proceeding No. 11-02254, unless otherwise indicated.

[3]    Rule 37 is made applicable herein by Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2

*Extended Stay (USA) L.P.* (the "Cross Declaration" or "Cross Decl."), ECF No. 458. Polar Extended did not respond to the Motion. On August 16, 2022, the Court conducted a hearing on the Motion. Polar Extended did not appear at the hearing.

For the reasons set forth below, the Court grants the Motion.

## Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C §§ 157(b)(1) and 1334(b), and the *Amended Standing Order of Reference* dated January 31, 2021 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)

## Background

On June 14, 2011, the Plaintiffs commenced this adversary proceeding against Polar Extended and other defendants (collectively, the "Defendants").[4] On November 15, 2013, the Plaintiffs filed a seventeen-count amended complaint (the "Amended Complaint")[5] against the Defendants seeking, among other things, no less than $139 million in damages and fees in respect of alleged fraudulent transfers of the Debtors' assets. Polar Extended joined the other Defendants in filing motions to dismiss the Amended Complaint.[6] On August 8, 2020, the Court granted in part and denied in part the Defendants' motions to dismiss (the "Memorandum Decision and Order").[7] As relevant, that decision left Polar Extended as a defendant subject to

---

[4] *See* Complaint, ECF No. 1.

[5] *See* Amended Complaint, ECF No. 213.

[6] *See* Notice of Motion of Polar Extended Stay (USA) L.P. To Dismiss Amended Complaint, ECF No. 224.

[7] *See* Memorandum Decision and Order Granting in Part and Denying in Part the Defendants' Motions to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), ECF No. 319; *see also* Moving Defendants' Notice of Motion to Dismiss Amended Complaint, ECF No. 220; Notice of Motion of Polar Extended Stay (USA) L.P. to Dismiss Amended Complaint, ECF No. 224.

3

potential liability under multiple counts in the Amended Complaint, including the Plaintiffs' intentional and constructive fraudulent transfer claims.[8]

On October 2, 2020, Polar Extended filed an answer to the Amended Complaint.[9] On October 11, 2020, the Court entered its October 2020 Discovery Order.[10] The order set November 2, 2020, as the date by which initial disclosures were due. *Id.* ¶ 2. Polar Extended is in breach of the order, as it has failed to make any initial disclosures. *See* Cross Decl. ¶ 3; January 26, 2022 Letter at 1.[11]

In November 2020, the Plaintiffs served discovery requests on Polar Extended. *See* Apr. 12, 2022 Conf. Tr. at 4:20-21.[12] Polar Extended's deadline for responding to Plaintiffs' First Request for the Production of Documents ("Plaintiffs' First RFPs") was December 7, 2022. *See* Pls.' Mem. at 2; *see also* Fed. R. Civ. P. 34(b)(2)(A). To date, Polar Extended has failed to serve responses and/or objections to the Plaintiffs' First RFPs. *See* Cross Decl. ¶ 4; Apr. 12, 2022 Conf. Tr. at 4:20-21.

In April 2021, all the Defendants except Polar Extended entered into the *Stipulation and [Proposed] Order for the Exchange of Electronically-Stored Information* (the "ESI Stipulation"), ECF No. 395, with the Plaintiffs. Polar Extended has neither agreed to the ESI Stipulation nor proposed any modifications to it. *See* Cross Decl. ¶ 5.

---

[8] *See* Memorandum Decision and Order at 60-63, 281-83.

[9] *See* Answer of Polar Extended Stay (USA) L.P. to Amended Complaint, ECF No. 337.

[10] *See* Stipulation and Scheduling Order, dated October 11, 2020, ECF No. 347.

[11] *See* Gregory A. Cross Letter Request for Conference Regarding Discovery, dated January 26, 2022 (the "January 26, 2022 Letter"), ECF No. 425.

[12] On April 12, 2022, the Court conducted a conference in this adversary proceeding regarding Polar Extended's failure to respond to discovery demands. The transcript of the conference (the "Apr. 12, 2022 Conf. Tr.") is annexed to the Cross Declaration as Exhibit D.

On June 1, 2021, Plaintiffs sent counsel to Polar Extended a discovery demand letter. *See* June 1 Demand Letter.[13] In it, they requested the parties meet and confer on pending discovery issues, which included (i) Polar Extended's failure to make initial disclosures, (ii) its then six-month delay in responding to Plaintiffs' First RFPs, and (iii) its refusal to sign the ESI Stipulation. *Id.* at 1-2. Polar Extended did not respond to the June 1 Demand Letter.

On August 13, 2021, Plaintiffs served Polar Extended with their First Request for Admission. *See* January 26, 2022 Letter at 2. On September 13, 2020, Polar Extended responded to that request.[14]

On January 26, 2022, Plaintiffs filed the January 26, 2022 Letter with the Court requesting a discovery conference pursuant to Local Bankruptcy Rule 7007-1 to address Polar Extended's refusal: (i) to produce initial disclosures, (ii) to produce documents in response to Plaintiffs' First RFP; and (iii) to sign the ESI Stipulation; and its failure to respond to the June 1 Demand Letter. Polar Extended did not respond to the January 22, 2022 Letter.

On February 14, 2022, Plaintiffs served Polar Extended with their First Set of Interrogatories (the "Plaintiffs' First Set of Interrogatories") with answers or objections due from Polar Extended on or before March 14, 2022. *See* Cross Decl. ¶ 8. Polar Extended has not responded to the interrogatories. *Id.*

On March 22, 2022, the Court held a discovery conference (the "March 2022 Conference").[15] At that conference, Plaintiffs raised with the Court the issues with Polar

---

[13]   A copy of the June 1 Demand Letter is annexed to the Cross Declaration as Exhibit A.

[14]   A copy of Polar Extended's Responses to the Plaintiffs' First Requests for Admission is annexed to the Cross Declaration as Exhibit C.

[15]   The transcript of the March 2022 Conference (the "Mar. 22, 2022 Conf. Tr.") is annexed to the Cross Declaration as Exhibit B.

Extended's participation in discovery, as set forth in the January 26, 2022 Letter. However, Polar Extended did not appear at the conference. The Court rescheduled the conference for April 12, 2022 (the "April 2022 Conference") and directed counsel for Polar Extended to appear at the discovery conference. *See* Minutes of Proceeding dated March 25, 2022 [ECF No. 440]; *see also* Mar. 22, 2022 Conf. Tr. at 22:12-18.

On April 12, 2022, Polar Extended appeared at the April 2022 Conference through counsel, Peter M. Levine, Esq. At that time, Mr. Levine advised the Court that:

(i) Polar Extended is a defunct Delaware entity with no assets and no business in the United States or anywhere in the world, *see* Apr. 12, 2022 Conf. Tr. at 5:5-11;

(ii) the principals of Polar Extended are "not interested in participating in this litigation", *see id.* at 5:12;

(iii) Mr. Levine is under instruction from Polar Extended not to participate in this litigation, *see id.* at 6:9-11;

(iv) the "case as far as I'm concerned with Polar is over", *see id.* at 8:10; and

(v) Polar Extended would participate only during any inquest for damages. *See id.* at 9:2-4.

At the April 2022 Conference, the Court instructed Mr. Levine and Polar Extended to respond to the Plaintiffs' discovery requests within thirty days. *See id.* at 11:4-6. On April 19, 2022, the Court repeated that instruction and entered the *April 12, 2022 Discovery Conference Order* (the "April 2022 Discovery Order")[16] directing Polar Extended to serve upon all parties (a) its initial disclosures, as required under Fed. R. Civ. P. 26(a)(1); and (b) its responses and objections to Plaintiffs' First RFPs dated November 6, 2020, on or before May 19, 2022 (the "Discovery Response Deadline"). *See* April 2022 Discovery Order ¶ 3.

---

[16] *See* April 12, 2022 Discovery Conference Order, ECF No. 449.

6

On May 19, 2022, the Discovery Response Deadline lapsed. Polar Extended is in breach of the October 2020 Discovery Order and the April 2022 Discovery Order as it has not served initial disclosures or responded and/or objected to Plaintiffs' First RFPs. It also has failed to respond to the Plaintiffs' First Set of Interrogatories. *See* Pls.' Mem. at 4.

## Legal Standard

Federal Rule of Civil Procedure 37 permits a party to move for an order compelling disclosure or discovery. *See* Fed. R. Civ. P. 37(a)(1). Rule 37(b) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery," including an order under Rule 37(a), the Court "may issue further just orders", including

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). The Court retains discretion to "determine which sanction from among the available range is appropriate." *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989); *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) ("We have noted that district courts possess 'wide discretion' in imposing sanctions under Rule 37.") (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)). Rule

37(b)(2)(C) provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C). However, an award of reasonable expenses is not required if "the failure [to obey the order to permit or provide discovery] was substantially justified or other circumstances make an award of expenses unjust." *Id.*

> Sanctions under Rule 37 serve three functions:
>
> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988). Rule 37(b) requires that "a court order be in effect before sanctions are imposed." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986); *see also Israel Aircraft Indus., Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir. 1977). The factors that courts in this circuit consider in assessing what sanctions to impose on a disobedient party under Rule 37 (the "Rule 37 Factors") include:

(1) the willfulness of the non-compliant party or the reason for the noncompliance;

(2) the efficacy of lesser sanctions;

(3) the duration of the period of noncompliance; and

(4) whether the noncompliant party had been warned of the consequences of noncompliance.

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)); *see also S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). These are nonexclusive factors, and the imposition of

8

Rule 37 sanctions may be appropriate even where only some of the factors are implicated. *See Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 35 (S.D.N.Y. 2019).

### **The Motion**[17]

In the Motion, Plaintiffs seek the entry of a default judgment and a monetary award of Plaintiffs' expenses, including attorney's fees pursuant to Rule 37. *See* Pls.' Mem. at 2. They contend that there are grounds for granting relief under Rule 37(b) because Polar Extended is in breach of the October 2020 Discovery Order as it has failed to serve its initial disclosures, *see* Cross Decl. ¶ 3; and is in breach of the April 2022 Discovery Order since it has failed to serve responses and/or objections to the Plaintiffs' First RFPs (which originally were due on December 7, 2020). *See id.* ¶ 4. They contend that sanctions are appropriate based upon Polar Extended's failure to:

(i)  respond to the Plaintiffs' requests that it consent to the ESI Stipulation, *see id.* ¶ 5;

(ii) respond to the Plaintiffs' June 1 Demand Letter, requesting the parties meet and confer in an attempt to resolve pending discovery disputes, *see id.* ¶ 6, Ex. A.

---

[17] Local Bankruptcy Rule 7007-1 states, as follows:

(a) *Attorney's Affirmation.* No discovery-related motion under Bankruptcy Rules 7026 through 7037 may be heard unless counsel for the moving party files with the Court, at or prior to the hearing, an affirmation certifying that such counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that counsel have been unable to reach an agreement. If any of the issues raised by motion have been resolved by agreement, the affirmation shall specify the issues so resolved and the issues remaining unresolved.

(b) *Request for Informal Conference*. No discovery-related motion under Bankruptcy Rules 7026 through 7037 shall be heard unless counsel for the moving party first requests an informal conference with the Court and either the request has been denied or the discovery dispute has not been resolved as a consequence of the conference.

LBR 7007-1. The Court's Chambers' Rules incorporate Local Rule 7007-1. The Plaintiffs have satisfied their obligations under those rules. As set forth herein, the Plaintiffs made multiple attempts to meet and confer with counsel to Polar Extended regarding Polar Extended's failure to participate in discovery, including pursuant to the June 1 Demand Letter and the January 26, 2022 Letter. Polar Extended did not respond to either letter. The Court finds that the April 2022 Conference satisfies the requirement for a conference with the Court to address the ongoing discovery disputes.

  (iii) respond to the Plaintiffs' January 26, 2022 Letter, regarding Polar Extended's refusal to meaningfully participate and defend in this proceeding, *see id.* ¶ 7;

  (iv) serve responses and/or objections to the Plaintiffs' First Set of Interrogatories on or before March 14, 2022, *see id.* ¶ 8;

  (v) attend the March 2022 Conference, which they contend was held in part to address Polar Extended's failure to meaningfully participate in discovery. *See* Cross Decl. ¶ 9; *see also* Mar. 22, 2022 Conf. Tr. at 21:18–22:19.

*See* Pls.' Mem. at 2-3.

  Polar Extended did not respond to the Motion and did not appear at the August 16 hearing on the Motion.

## Discussion

  Together with an order of dismissal, the entry of a default judgment is the most severe sanction available to the Court under Rule 37. *See Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979) ("Harshest of all are orders of dismissal and default judgment."); *SEC v. Rsch. Automation Corp.*, 521 F.2d 585, 588 (2d Cir. 1975) ("A default judgment granting relief against a defendant for failure to cooperate in pretrial discovery is a harsh sanction, which must be cautiously used. . . .") (citing *Flaks v. Koegel*, 504 F.2d 702, 707-08 (2d Cir. 1974)). Therefore, courts have held that "willfulness or conscious disregard of the court's orders is a prerequisite to the harsher categories of Rule 37 sanctions." *Cine Forty-Second St. Theatre Corp.*, 602 F.2d at 1067 (citing 4A J. Moore, MOORE ON FEDERAL PRACTICE ¶ 37.03(2.-5) at 37-70 (2d ed. 1976)); *see also SEC v. Rsch. Automation Corp.*, 521 F.2d at 588 ("[T]he sanction [of default judgment] should not be imposed because of negligence[;] . . . the plaintiff must demonstrate that the defendant's failure to comply is due to willfulness, bad faith or fault and not to an inability to comply.") (citing *Flaks*, 504 F.2d at 708-09)); *S. New Eng. Tel. Co.*, 624 F.3d at 144 ("dismissal or default is justified if the district court

finds that the failure to comply with discovery orders was due to 'willfulness, bad faith, or any fault' of the party sanctioned") (quoting *Salahuddin*, 782 F.2d at 1132)). "Severe sanctions such as dismissal and default judgment are to be applied sparingly, where no other sanction will suffice." *Grammar v. Sharinn & Lipshie, P.C.*, No. 14 Civ. 6774 (JCF), 2016 WL 525478, at * 3 (S.D.N.Y. Feb. 8, 2016).

The Plaintiffs correctly contend that Polar Extended's failure to comply with the October 2020 Discovery Order and the April 2022 Discovery Order provides the predicate for relief under Rule 37(b). They maintain that the imposition of a default judgment is an appropriate sanction for Polar Extended's failure to participate in discovery and respond to the April 2022 Discovery Order and that the factors weigh in favor of such a remedy. The Court agrees.

As set forth below, application of each of the Rule 37 Factors supports entering a default judgment against Polar Extended.

Willfulness

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and the party's noncompliance is not due to factors beyond the party's control." *See Thompson v. Jamaica Hosp. Med. Ctr.*, No. 13 Civ. 1896, 2015 WL 7430806, at *3 (S.D.N.Y. Nov. 20, 2015) (quoting *In re Fosamax Prods. Liab. Litig.*, No. 06 MDL 1789 (JFK), 2013 WL 1176061, at *2 (S.D.N.Y. Mar. 21, 2013)); *see also Davis v. Artuz*, No. 96 Civ. 7699 (GBD), 2001 WL 50887, at *3 (S.D.N.Y. Jan. 19, 2001).

The October 2020 Discovery Order and the April 2022 Discovery Order are clear and unambiguous in requiring Polar Extended to make its initial disclosures by November 2, 2020, and to respond to Plaintiffs' discovery requests by May 19, 2022, respectively. It is clear from the record of the April 2022 Conference, that Polar Extended's counsel understood the Court's

11

directive. Indeed, at the conference counsel for Polar Extended requested that Plaintiffs resend the discovery requests to him. *See* Apr. 12, 2022 Conf. Tr. at 11:20-22. "Willful non-compliance is routinely found, for instance, where a party has 'repeatedly failed to . . . produce documents . . . in violation of the district court's orders.'" *Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-CV-6653 (GBD) (JLC), 2015 WL 2250592, at *7 (S.D.N.Y. May 13, 2015) (quoting *Doe v. Delta Airlines, Inc.*, No. 13 Civ. 6287 (PAE), 2015 WL 798031, at *8 (S.D.N.Y. Feb. 25, 2015)). That is plainly the case here, and the statements made by Polar Extended's counsel at the April 2022 Conference underscore the willfulness of Polar Extended's failure to respond to discovery requests. *See* Apr. 12, 2022 Conf. Tr. at 5:8-11 ("It . . . makes no sense for this defunct entity with no assets to spend thousands if not tens of thousands of dollars in electronic discovery that will not yield that hasn't already been produced by all the other defendants."); *see id.* at 5:12-13 ("The principals of Polar are not interested in participating in this litigation."); *see id.* at 8:14-16 ("I'm not putting in any more time. My instructions are not to participate. If there is going to be a default, okay, there will be an inquest at the appropriate time."). Polar Extended's failure to respond to Plaintiffs' discovery requests is plainly willful. *See Grammar*, 2016 WL 525478, at *3 (failure to comply with two orders, without an explanation for the delinquency, was a sufficient basis for a finding of willfulness "[g]iven the clarity and simplicity of the Court's orders and the absence of any indication that defendant's noncompliance is the result of factors beyond its control").

<u>Efficacy of Lesser Sanctions</u>

While "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default judgment", *see S. New Eng. Tel. Co.*, 624 F.3d at 147, the efficacy of lesser sanctions is a factor courts consider in weighing a request for sanctions under Rule 37.

*See Agiwal*, 555 F.3d at 302. A court "should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future." *Grammar*, 2016 WL 525478, at *3 (citing *Hawley v. Mphasis Corp.*, 302 F.R.D. 37, 46 (S.D.N.Y. 2014)).

Before the Motion, Plaintiffs have not sought, and the Court has not imposed, any sanctions on Polar Extended for its failure to respond to discovery requests. Thus, any inquiry regarding the efficacy of lesser sanctions might be viewed as speculative. *Cf. Grammar*, 2016 WL 525478, at *4 (finding lesser sanctions ineffective where the defendant "was already ordered to pay the attorneys' fees and costs incurred by the plaintiff in preparing her motion to compel"); *S. New Eng. Tel. Co. v. Global NAPS, Inc.*, 251 F.R.D. 82, 95 (D. Conn. 2008) (imposing default judgment were "orders compelling discovery and imposing monetary sanctions have not worked"), *aff'd* 624 F.3d 123 (2d Cir 2010). The Plaintiffs contend that is not the case here, and that on the record of this adversary proceeding, it is clear that lesser sanctions "would have no impact on Polar Extended since, as [Mr. Levine represented], his client will not, under any circumstances, defend itself in this proceeding." Pls.' Mem. at 6. The Court finds merit to that contention. Polar Extended has not responded to the Motion and did not appear at the hearing on the Motion. Moreover, the undisputed evidence demonstrates that Polar Extended has made no effort to comply with the Plaintiffs' discovery requests and that it has no intention of defending this litigation. *See, e.g.*, Apr. 12, 2022 Conf. Tr. at 8:10 ("The case as far as I'm concerned with is over."). It is clear to the Court that it would be futile to impose lesser sanctions on Polar Extended than the entry of a default judgment requested by the Plaintiffs. *See S. New Eng. Tel. Co.*, 624 F.3d at 148 (noting that the court is "not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record")

13

(citing *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176–77 (2d Cir. 1988)). This factor weighs in favor of granting the Motion.

Duration of Non-Compliance

"Periods of noncompliance as brief as a few months may merit dispositive sanctions." *Ramgoolie*, 333 F.R.D. at 37; *see, e.g.*, *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (summary order) (affirming dismissal of complaints for failure to comply with discovery orders after three months); *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (dismissing case after four-month long failure to comply with court's direction to answer interrogatories). Periods of greater than five months favor such sanctions even more heavily. *See Ramgoolie*, 333 F.R.D. at 37; *see also Agiwal*, 555 F.3d at 303 (six months); *Phelan v. Cambell*, 507 F. App'x 14, 16 (2d Cir. 2013) (summary order) (seven months); *Battiste-Downie v. Covenant House*, 471 F. App'x 78, 79 (2d Cir. 2012) (summary order) (one year).

With the exception of its response to the Requests for Admission, Polar Extended has refused to provide any discovery in this case and, through counsel, it has made it clear that it will continue to do so. More than four months have elapsed since this Court's instruction at the April 2022 Conference to Polar Extended to respond to Plaintiffs' discovery requests and almost four months have passed since the April 2022 Discovery Order. Nearly two years have passed since the Court ordered the production by all Defendants of their initial disclosures in the October 2020 Discovery Order. This factor weighs strongly in favor of sanctions. *See Urbont v. Sony Music Entm't*, No. 11 Civ. 4516 (NRB), 2014 WL 6433347, at *3–4 (S.D.N.Y. Nov. 6, 2014) (granting default sanctions where defendant failed to participate in discovery for over a year and had made no contact with counsel or the court for over six months).

14

Notice

"A court must provide sufficient notice to the offending party before entering dispositive sanctions." *Ramgoolie*, 333 F.R.D. at 38 (citing *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 452 (2d Cir. 2013)). A warning regarding the specific sanction to be imposed is not needed. Rather, "regular warnings that noncompliance may result in discovery sanctions are adequate." *Id*. But see *Urbont*, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) ("[S]evere sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from continued non-compliance and has nevertheless refused to comply."); *Joint Stock Co.*, 2017 WL 3671036, at *22 ("[P]arties have 'no absolute entitlement to be 'warned' that they disobey court orders at their peril' and even terminating sanctions may be imposed with no warning beyond the sanctions motion itself.") (quoting *Daval Steel Prods.*, 951 F.2d at 1366); *Grammar*, 2016 WL 525478, at *4 (defendant "could not argue that it lacked notice that it faced the possibility of terminating sanctions, as such notice was provided on the face of the plaintiff's motion [for sanctions]").

This factor weighs strongly in favor of granting the Motion. Polar Extended was clearly on notice of the possibility that a default judgment could be entered against it for its failure to participate in discovery. The possibility was discussed at length during the April 2022 Conference. During that discussion, counsel for Polar Extended acknowledged the possibility of a default judgment and suggested but remained doubtful that Polar Extended would participate at any subsequent inquest for damages following default. *See* Apr. 12, 2022 Conf. Tr. at 8:15-16 ("If there is going to be a default, okay, there will be an inquest at the appropriate time"); *see id.* at 9:2-4 ("So, at some point, there will be an inquest or some determination of damages, and then

15

Polar can participate at that point, and I doubt it would."). Polar Extended was on sufficient notice that a default judgment might result from its noncompliance.

Based on the foregoing, the Court grants Plaintiffs' request for sanctions and pursuant to Rule 37(b)(2)(A)(vi) directs the entry of a default judgment against Polar Extended.

The award of reasonable expenses, including attorney's fees, under Rule 37(b)(2)(C) is mandatory. *See John B. Hull, Inc.*, 845 F.2d at 1177 ("Rule 37(b)(3) mandates the court to require the party failing to obey the order or the attorney advising that party or both to pay reasonable expenses, including attorney's fees[.]"). As discussed above, however, an award of reasonable expenses is not required where the failure to obey was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Polar Extended has not responded to the Motion and it has not, therefore, provided an excuse for its noncompliance. However, the record is clear that Polar Extended has no justification for its refusal to comply with this Court's discovery orders. Statements made by counsel to Polar Extended at the April 2022 Conference are unambiguous in demonstrating that Polar Extended refuses to participate in discovery because it is a now-defunct entity created for the purpose of entering into the leveraged buyout transaction that is the subject of the Amended Complaint, *see* Apr. 12, 2022 Conf. Tr. at 6:8-9, with principals who are "not interested in participating in this litigation" and have not only instructed Polar Extended's counsel not to participate, but have not paid counsel to participate to the extent it already has. *See id.* at 8:4-9 ("Polar doesn't want to spend anymore money. I don't want to spend anymore time. I haven't been paid for answering the complaint. I did not even bill any time for responding to the request for admissions. I'm certainly not going to be billing for my time on this conference.").

16

Therefore, pursuant to Rule 37(b)(2)(C), the Court awards the Plaintiffs their reasonable expenses including attorney's fees incurred as a result of Polar Extended's failure to participate in discovery in this adversary proceeding.

## **Conclusion**

Based upon the foregoing, the Court grants the Motion. The Plaintiffs are directed to SETTLE ORDER.

Dated: New York, New York
      August 22, 2022

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge